IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

RAUL PRUGAL,

                          Petitioner,

                                                  Civil Action No.
        v.                                        9:02-CV-1052(LEK/DEP)

MELVIN L. HOLLINS, Superintendent,

                          Respondent.

─────────────────────────────────

APPEARANCES:                         OF COUNSEL:

FOR PETITIONER:

RAUL PRUGAL, *pro se*


FOR RESPONDENT:

HON. ELIOT SPITZER                   PATRICK F. MacRAE, ESQ.
Office of Attorney General           Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204


DAVID E. PEEBLES
MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

        Petitioner Raul Prugal, a New York State prison inmate, is the

subject of both a state court sentence imposed in 1998 and another

sentence meted out in this court in April of 2000, based upon separate

conduct unrelated to the earlier, state court prosecution.  Because the

later-imposed federal court sentence was designated to run

concurrently with his state sentence, Prugal argues entitlement to

credit, as against that federal sentence, for time served dating back to

when the state sentence was handed down – a point in time which

predates even his arrest on the federal charges.  In order to press this

contention Prugal has commenced this proceeding against the

superintendent of the state correctional facility in which he was being

held at the time of filing, subject to a detainer relating the federal

sentence imposed in 2000, seeking federal habeas intervention

pursuant to 28 U.S.C. § 2241.  Having carefully considered the merits

of Prugal's petition I recommend that it be denied, without prejudice, as

not presenting a ripe controversy and additionally based upon his

failure to name the appropriate custodial respondent, the federal

Bureau of Prisons ("BOP"), and to afford that agency the opportunity to

present its views regarding calculation of his federal sentence.

I.    BACKGROUND

On July 24, 1998, petitioner entered a plea of guilty in New York

2

State Supreme Court to criminal sale of a controlled substance in the second degree, one of several charges lodged by indictment against him in that court.  *See* Answer (Dkt. No. 6) Attachment 1.  Petitioner was subsequently sentenced in or about September of 1998, based upon his plea, to a period of imprisonment of between six years and life.  Petition (Dkt. No. 1) at 3; *see also* Answer (Dkt. No. 6) Attachment 1 at 6, 10.

Subsequent to the culmination of the state court criminal proceedings against him, petitioner was the subject of prosecution in this court for aggravated reentry into the United States after deportation, in violation of 8 U.S.C. § 1326.  *See United States v. Prugal*, No. 1:99-CR-160 (N.D.N.Y. filed 1999).  According to court records, that prosecution was commenced by indictment returned on April 1, 1999, and resulted in petitioner being transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* signed on July 21, 1999.[1]  1:99-CR-160, Dkt. No. 4.  Following arraignment on August 27, 1999, petitioner was ordered detained and held in federal

---

[1]     Although none of the records pertaining to the federal prosecution were supplied by the parties, I have retrieved and taken judicial notice of the docket sheet and other official court documents associated with that prosecution.  *See*, *e.g.*, *Mangiafico v. Blumenthal*, 358 F.Supp.2d 6, 9-10 (D. Conn. 2005).

custody pending determination of those charges.  *See* 1:99-CR-160, Dkt. No. 7.

Prugal ultimately entered a plea of guilty to the unlawful reentry charge on October 22, 1999.  *Id.* Dkt. No. 11.  Petitioner was thereafter sentenced, based upon that plea, on April 26, 2000 by District Judge Lawrence E. Kahn to serve, principally, seventy-seven months of imprisonment and was remanded to the custody of the United States Marshal.  *Id.* Dkt. Nos. 19, 20.  According to the judgment of conviction ultimately entered on the following day, the federal sentence was designated to run concurrently with petitioner's existing state sentence. *Id.* Dkt. No. 20.

Although the ensuing circumstances and timing are not clear from the record, it appears that following his federal court sentencing petitioner was returned to the custody of the New York State Department of Correctional Services ("DOCS") for resumption of his state court sentence, with the federal judgment of conviction having been lodged against him as a detainer.  1:99-CR-160, Dkt. No. 21.  At the time of commencement of this proceeding, petitioner was being held by the DOCS at the Oneida Correctional Facility ("Oneida"),

4

located in Rome, New York.[2]

II.   PROCEDURAL HISTORY

Petitioner filed his petition seeking habeas relief on August 14, 2002, and is proceeding *pro se* and *in forma pauperis.*  Dkt. Nos. 1, 3. A response to the petition was filed by the New York State Attorney General, acting on behalf of the named respondent, Oneida Superintendent Melvin Hollins, on December 27, 2002.  Dkt. Nos. 6, 7. This matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Jurisdiction Under Section 2241

Petitioner commenced this proceeding seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  That provision, which has evolved over time and traces its roots to the Judiciary Act of 1789, Ch. 20, § 14,

---

[2]   Information obtained from the DOCS inmate information retrieval system reveals that Prugal is now being held in another New York prison facility.  Petitioner is reminded of his obligation to notify the court and respondent's counsel of any change of address, and that his failure to comply with this meaningful requirement could result in the court's dismissal of his petition without consideration of its merits. *See* Northern District of New York Local Rule 10.1(b)(2).

1 Stat. 81-82, empowers the federal courts to issue writs of habeas

corpus in cases involving prisoners held "in custody, under or by colour

of the authority of the United States." *Triestman v. United States*, 124

F.3d 361, 373 (2d Cir. 1997) (quoting *McCleskey v. Zant*, 499 U.S. 467,

477-78, 111 S. Ct. 1454, 1461 (1991)); *see also Duamatef v. INS*, 386

F.3d 172, 178 (2d Cir. 2004).

In his response to the petition, Superintendent Hollins does not

directly challenge the court's jurisdiction to entertain Prugal's section

2241 claims. He does, however, assert that petitioner should have

been required to challenge his federal sentence by petition filed under

28 U.S.C. § 2255.[3]

Respondent's contention that section 2241 is an inappropriate

means of launching a challenge to a federal sentence calculation is not

well taken. Because petitioner is challenging the calculation of his

---

[3]     That section provides, in pertinent part, that

[a] prisoner in custody under sentence of a court established by Act of
Congress claiming the right to be released upon the ground that the
sentence was imposed in violation of the Constitution or laws of the
United States, or that the court was without jurisdiction to impose such
sentence, or that the sentence was in excess of the maximum
authorized by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set aside or
correct the sentence.

28 U.S.C. § 2255.

federal sentence, as distinct from the vitality of the underlying sentence itself, this proceeding is properly brought under 28 U.S.C. § 2241.  *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (prisoner may challenge execution of sentence such as calculations by the Bureau of Prisons ("BOP") of credit to be given for detention under section 2241); *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 947 (2d Cir. 1976) (complete discharge or release on parole properly sought under section 2241); *U.S. v. Caceres-Lopez*, No. 95-CR-135, 1998 WL 16019, at *1 (N.D.N.Y. January 12, 1998) (Munson, J.) (petitioner's claim for pre-sentence credit should have been brought under section 2241, not section 2255); *see also Owens v. Gaines*, 219 F. Supp.2d 94, 95-98 (D.D.C. 2002) (United States district court proper forum for challenge to parole revocation by United States Parole Commission, even when such parole arose out of DC Superior Court conviction).

This, however, does not end the subject matter jurisdiction inquiry of which this court is not only empowered, but indeed required, to engage even of its own initiative.  *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 160 (2d Cir. 2003) (citing *Petereit v. SB Thomas, Inc.*, 63 F.3d 1169, 1175 (2d Cir. 1995)).  In this

instance, the petitioner is not currently being held in the physical custody of the United States.  Rather, Prugal is currently serving his state court sentence, and the federal criminal judgment has been lodged in the nature of a detainer, to be invoked upon his release from state custody.  It is well-settled, however, that a district court may entertain a habeas petition challenging a future sentence; an inmate serving consecutive sentences is "in custody" under any of them for purposes of section 2241.  *Peyton v. Rowe*, 391 U.S. 54, 64-65, 88 S. Ct. 1549, 1554-55 (1968).[4]  Under these circumstances, I recommend a finding that this court is vested with jurisdiction to invoke the habeas authority conferred under section 2241.

B.    Ripeness and Naming of The Proper Respondent

Petitioner's challenge focuses upon the calculation of his federal sentence, and specifically the impact of an earlier-imposed state court sentence on that computation.  Petitioner maintains that because the federal sentence was specifically designated to run concurrently with

---

[4]    Although *Peyton* involved two sentences from the State of Virginia, the fact that Prugal challenges implementation of a federal sentence while serving a state sentence does not alter the analysis.  *Frazier v. Wilkinson*, 842 F.2d 42, 44-45 (2d Cir. 1988) (citing, *inter alia*, *U.S. ex rel. Meadows v. New York*, 426 F.2d 1176 (2d Cir. 1970), *cert. denied*, 401 U.S. 941, 91 S. Ct. 944 (1971) and *Dodd v. U.S. Marshal*, 439 F.2d 774 (2d Cir. 1971)).

the state sentence, he should have been given credit, toward his federal sentence, for all time served on the state sentence, including that served even prior to commencement of the federal criminal proceedings.

The matter of calculation of federal prison sentences is one which falls within the jurisdiction of the Attorney General, who has in turn delegated that responsibility to the BOP.  *United States v. Wilson*, 503 U.S. 329, 331-36, 112 S. Ct. 1351, 1353-55 (1992); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997); *Chambers v. Holland,* 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996).  For sentences rendered in and after 1987, when the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, became effective, sentence calculation is governed primarily by 18 U.S.C. § 3585.  *Id.*  Under section 3585, a two-step process is employed in order to properly calculate and apply a federal sentence.  That process is comprised of a determination of both when the sentence commences, and what credit should be awarded for time served prior to the date of commencement. 18 U.S.C. § 3585; *Pineyro*, 112 F.3d at 45; *Chambers*, 920 F. Supp. at 621.

In this instance neither the BOP nor any other federal representative has been named as a respondent or otherwise appeared in this action.  Indeed, the court has no indication as to what position the BOP has taken regarding whether the effective commencement date of petitioner's federal sentence.  Under Article III of the United States Constitution the jurisdiction of a federal court is limited to entertaining only actual cases and controversies.  *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 21, 115 S. Ct. 386, 389 (1994).  Because it is yet unknown whether the BOP takes issue with petitioner's contention regarding his federal sentence commencement date, it is not clear that his petition presents such a ripe, and therefore justiciable, controversy.  As such, Prugal's claims are subject to dismissal on this fundamental, jurisdictional basis.  *See*, *e.g.*, *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 116 (3d Cir. 1993).

It is true that under certain circumstances the warden in whose custody a prisoner remains can be deemed as the agent of another authority or agency whose detainer is lodged with that custodian against that prisoner.  *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d

10

Cir. 2003).  If such an agency relationship were found to exist in this case the justiciability concern would potentially be allayed, since respondent argues against Prugal's position regarding the interplay between his two pending sentences.

The situations in which such an agency relationship has been a found typically involve separate federal authorities or agencies, such as local federal prosecutors and the Department of Homeland Security or one of its predecessor agencies, the Immigration and Naturalization Service, which ultimately would appear and be represented in a habeas proceeding such as this through a common attorney, either the local United States Attorney or some other representative of the Department of Justice.  *See*, *e.g.*, *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493-94 (10th Cir. 1994).  In this instance, by contrast, the state prison warden in whose custody Prugal remains has appeared through the New York State Attorney General, who does not typically represent the BOP.  I therefore recommend against a finding of agency and in favor of dismissal of Prugal's petition based upon his failure to name the appropriate federal agency tasked with responsibility of computing his

federal sentence.[5],[6]

_____

[5]      Frugal's petition raises potentially sophisticated issues of federal law.  Under the circumstances existing at the time of sentencing in April of 2000, District Judge Lawrence E. Kahn was authorized to impose a sentence which was either concurrent with or consecutive to the undischarged, preexisting sentence.  18 U.S.C. § 3584(a); United States Sentencing Guidelines § 5 G1.3; *see United States v. Fermin*, 252 F.3d 102, 107 (2d Cir. 2001).  This is particularly true if the later-imposed federal sentence took into account the prior, though unrelated, state sentence.  *Rios v. Wiley*, 201 F.3d 257, 265 n.8 (3d Cir. 2000).  When a concurrent federal sentence is authorized, it may be designated to be either wholly or partially concurrent, meaning that in the situation presented, Judge Kahn could have chosen to sentence Prugal concurrently with either the entirety of his earlier state court sentence, or instead only the undischarged or some other specified portion thereof. *Id.*; *see also Bianco v. Minor*, No. Civ. A. 303CV0913, 2003 WL 21715347, at *7 (M.D. Pa. June 6, 2003).  To the extent that the respondent, in reliance upon *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992), argues that a federal court may not designate a sentence to run concurrently with a preexisting state court sentence, that argument is clearly misplaced.

       The judgment of conviction entered on April 27, 2000 merely specifies that petitioner has been sentenced to a term of "77 months to run concurrent [sic] with any sentence the defendant is currently serving, as noted on the record."  Criminal Action No. 1:99-CR-160, Dkt. No. 20.   Under these circumstances, absent a specific indication of a contrary intent, the federal sentence imposed upon Prugal would likely be interpreted as running concurrently only to the extent of the remaining, unserved portion of his state sentence.  *Bianco*, 2003 WL 21715347, at *7.

[6]      Prior to challenging the implementation of his federal sentence by habeas petition filed against his federal custodian, petitioner would first be required to exhaust available internal administrative remedies.  *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 633-34 (2d Cir. 2001) (federal prisoners must exhaust administrative remedies prior to filing section 2241 petitions).  In a case involving a dispute over a federal sentence calculation, the available avenues of administrative recourse include appeal to the warden of the federal facility in which the inmate is housed, an appeal of the warden's decision to the appropriate BOP regional director, and submission of a request for review by the national inmate appeals administrator.  28 C.F.R. §§ 542.10-542.15.  Since respondent has not asserted failure to exhaust administrative remedies as a defense in his answer, *see* Dkt. No. 6, nor is it now argued as a basis for denial of the petition, it has therefore not been considered as a ground for dismissal.  *See United States v. Basciano*, 369 F. Supp.2d 344, 349 (E.D.N.Y. 2005).

IV.    <u>SUMMARY AND RECOMMENDATION</u>

The petition is this matter, which addresses the interplay between a federal sentence and a previously imposed and partially satisfied state court sentence with which it was designated to run concurrently, raises substantial issues of federal law, and implicates the propriety of a calculation by the federal BOP of petitioner's federal sentence. Because petitioner has not presented the court with an indication of the BOP's position concerning the duration of his sentence, and has not named that federal agency as a respondent, I recommend that the petition be dismissed, without prejudice to petitioner's right to commence a new proceeding naming the BOP as a respondent, after ascertaining that the BOP disagrees with his position regarding the calculation of his sentence and satisfying any applicable exhaustion requirements.

Based upon the foregoing it is therefore hereby

RECOMMENDED that the petition in this matter be DENIED and DISMISSED, without prejudice.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten

13

(10) days within which to file written objections to the foregoing report-

recommendation.  Any objections shall be filed with the clerk of the

court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS

WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:      September 21, 2005
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge